**Mamdouh M. HUSSEIN,**
**Plaintiff–Appellant,**

v.

**WALDORF ASTORIA HOTEL,**
**Defendants–Appellees.**

**Docket No. 01–7603.**

United States Court of Appeals,
Second Circuit.

March 13, 2002.

Mamdouh M. Hussein, pro se, Jersey City, NJ, for Appellant.

Ruth D. Raisfeld, Esq., Orrick, Herrington & Sutcliffe, New York, NY, for Appellees.

Present SACK, B.D. PARKER, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Mamdouh Hussein, *pro se*, appeals from a district court order dismissing all of his claims against the Hotel, Restaurant and Club Employees and Bartenders Local # 6 and Carlos Lopez, all but one of his claims against the Waldorf Astoria Hotel, and from a district court order granting summary judgment in favor of the Waldorf.

In 1998, Hussein filed a complaint against the Waldorf, the Union, and Lopez, a Union officer, alleging that they violated Title VII, 42 U.S.C. § 2000e *et seq.*, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*, and his First Amendment rights when the Waldorf refused to let him work with a beard and when the Union allegedly failed in its duty to pursue his grievances against the Waldorf.

The district court dismissed Hussein's complaint against the Union and Lopez with respect to all his claims and against the Waldorf with respect to all but his Title VII claims. The district court dismissed all of Hussein's First Amendment claims, concluding that neither the Waldorf nor the Union and Lopez were government organizations and that Hussein had not asserted any relationship between them and the state such that the defendants' actions could be considered "state action." The district court then dismissed all of

Hussein's LMRA § 301 claims as time-barred because an affidavit attached to Hussein's complaint demonstrated that he knew of the Union's alleged breach of its duty to pursue his grievances against the Waldorf in February 1998, at the earliest, but did not file his complaint until December, after the six month statute of limitations had expired.

The district court then held that Hussein could not sustain a Title VII claim against the Union or Lopez because: (1) he did not name them in his complaint filed with the New York City Commission on Human Rights; (2) his Equal Employment Opportunity Commission right-to-sue letter did not name them as respondents; and (3) Hussein could not satisfy the requirements of any exception.

The Waldorf moved for summary judgment which the district court granted, finding that Hussein did not provide evidence to support a claim that he had a bona fide religious belief that required him to wear a beard. The district court pointed out that the undisputed facts showed that Hussein had never before, in his fourteen years of working at the Waldorf, worn a beard and that he did not attempt to explain why this was so. Furthermore, Hussein shaved the beard off three months later. The district court thus held that a reasonable jury could not find that Hussein's religious assertion was bona fide. The district court also held that the Waldorf did not have notice of Hussein's religious belief about beards because, while Hussein knew of the Waldorf's uniform code, he never mentioned his conflict with it to anyone until after he was asked about his beard. Finally, the district court decided that a reasonable juror could not find that Hussein was disciplined for failing to comply with a requirement that

---

* Of the United States Court of Appeals for the   Eighth Circuit, sitting by designation.

conflicted with his religion, but only that he was refused an exemption from the policy because of the Waldorf's belief that his invocation of his religion was not made in good faith.

The district court also held that even if Hussein could establish a *prima facie* case of discrimination, the Waldorf could not have accommodated him. It decided that the on-the-spot manner in which Hussein presented the Waldorf with the request for an exemption from the uniform policy not only made it difficult for the Waldorf to accommodate him, but would also undermine its ability to manage other staff. In addition, the district court cited decisions recognizing clean-shavenness as a justifiable occupational qualification.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), cert. denied, 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). We also review orders dismissing claims under Rule 12(b)(6) *de novo. See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998).

Having reviewed the district court's decisions *de novo,* we agree that Hussein failed to state a First Amendment or LMRA § 301 claim against any of the defendants, and failed to state a Title VII claim against the Union or Lopez. We also agree that there are no genuine issues of material fact and that, as to Hussein's Title VII claim, summary judgment was properly granted for the Waldorf. Accordingly, for the reasons stated herein and in the district court's thorough opinions, *see Hussein v. Waldorf Astoria Hotel,* 2000 WL 16928 (S.D.N.Y. Jan.11, 2000); *Hussein v. The Waldorf–Astoria,* 134 F.Supp.2d 591 (S.D.N.Y.2001), the judgment of the district court is hereby AFFIRMED.